# Exhibit B

**HCDistrictclerk.com** LAROCCA, LISA vs. INVASIX INC 11/15/2021
Cause: 202166222 CDI: 7 Court: 151

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 98931894 | Plaintiff's Motion for Default Judgment | | 11/12/2021 | 10 |
| ·> 98931899 | Exhibit A | | 11/12/2021 | 6 |
| ·> 98931898 | Exhibit B | | 11/12/2021 | 3 |
| ·> 98931896 | Exhibit C | | 11/12/2021 | 1 |
| ·> 98931897 | Notice of Hearing by Submission | | 11/12/2021 | 1 |
| ·> 98931895 | Proposed Order Granting Interlocutory Default Judgment | | 11/12/2021 | 1 |
| 98714854 | Citation Corporate | | 11/01/2021 | 6 |
| 98349191 | Plaintiff's Original Petition | | 10/11/2021 | 11 |
| ·> 98349192 | Civil Case Information Sheet | | 10/11/2021 | 2 |
| ·> 98349193 | Request for Issuance of Service | | 10/11/2021 | 1 |
| ·> 98349195 | Request for Issuance of Service | | 10/11/2021 | 1 |

10/11/2021 11:20:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 58055532
By: JACKSON, MONICA J
Filed: 10/11/2021 11:20:09 AM

2021-66222 / Court: 151

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** New Filing ____________ **CURRENT COURT:** ____________

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 10/11/2021 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: InMode, Ltd

Address of Service: P.O. Box 533

City, State & Zip: Yokneam 2069206, Israel

Agent (if applicable) Attention: Moshe Mizrahy

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias** **Newspaper** ____________

☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)** ☐ **Capias (not an E-Issuance)** ☐ **Attachment**

☐ **Certiorari** ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**

☐ **Habeas Corpus** ☐ **Injunction** ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** ____________

**(See additional Forms for Post Judgment Service)**

**SERVICE BY *(check one)*:**

☐ **ATTORNEY PICK-UP (phone)**
☐ **MAIL to attorney at:** ____________
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by District Clerk**

☒ **E-Issuance by District Clerk**
**(No Service Copy Fees Charged)**
*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: ____________ Phone: ____________

☐ **OTHER**, *explain* ____________

**Issuance of Service Requested By:** Attorney/Party Name: Farrah G. Martinez Bar # or ID 24044396

Mailing Address: 700 Louisiana Street, Suite 3950, Houston, Texas 77002

Phone Number: (713) 853-9296

10/11/2021 11:20:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 58055532
By: JACKSON, MONICA J
Filed: 10/11/2021 11:20:09 AM

2021-66222 / Court: 151

Marilyn Burgess
HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** New Filing ____________ **CURRENT COURT:** ____________

**Name(s) of Documents to be served:** Plaintiff's Original Petition ____________

**FILE DATE:** 10/11/2021 ____________ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: INVASIX, INC. ____________

Address of Service: 1999 Bryan Street, Suite 900 ____________

City, State & Zip: Dallas, Texas 75201 ____________

Agent (if applicable) CT Corporation System ____________

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

☒ **Citation** ☐ **Citation by Posting** ☐ **Citation by Publication** ☐ **Citations Rule 106 Service**
☐ **Citation Scire Facias** **Newspaper**____________
☐ **Temporary Restraining Order** ☐ **Precept** ☐ **Notice**
☐ **Protective Order**
☐ **Secretary of State Citation ($12.00)** ☐ **Capias (not an E-Issuance)** ☐ **Attachment**
☐ **Certiorari** ☐ **Highway Commission ($12.00)**
☐ **Commissioner of Insurance ($12.00)** ☐ **Hague Convention ($16.00)** ☐ **Garnishment**
☐ **Habeas Corpus** ☐ **Injunction** ☐ **Sequestration**
☐ **Subpoena**
☐ **Other (Please Describe)** ____________

**(See additional Forms for Post Judgment Service)**

**SERVICE BY *(check one)*:**
☐ **ATTORNEY PICK-UP (phone)**
☐ **MAIL to attorney at:** ____________
☐ **CONSTABLE**
☐ **CERTIFIED MAIL by District Clerk**

☒ **E-Issuance by District Clerk (No Service Copy Fees Charged)**
*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: ____________ Phone: ____________

☐ **OTHER**, *explain* ____________

**Issuance of Service Requested By:** Attorney/Party Name: Farrah G. Martinez Bar # or ID 24044396

Mailing Address: 700 Louisiana Street, Suite 3950, Houston, Texas 77002

Phone Number: (713) 853-9296

10/11/2021 11:20:09 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 58055532
By: JACKSON, MONICA J
Filed: 10/11/2021 11:20:09 AM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (*FOR CLERK USE ONLY*): 2021-66222 / Court: 151 COURT (*FOR CLERK USE ONLY*): ____________

STYLED LISA LAROCCA V INVASIX INC. AND INMODE LTD.

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

**1. Contact information for person completing case information sheet:**

Name: Farrah Martinez

Email: Farrah@injurylawyerHOU.com

Address: 700 Louisiana St. Suite 3950

Telephone: 713-853-9296

City/State/Zip: Houston, Texas 77002

Fax: 713-357-6517

Signature: ____________

State Bar No: 24044396

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

Lisa LaRocca

_____

Defendant(s)/Respondent(s):

Invasix, Inc. and
InMode Ltd.

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

## *Civil*

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: _____

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: _____

**Injury or Damage**

- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability: _____
- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [x] Other Product Liability
  List Product: Strict Liability
- [ ] Other Injury or Damage:

**Real Property**

- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: _____

**Related to Criminal Matters**

- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: _____

**Employment**

- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: _____

**Other Civil**

- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: _____

## *Family Law*

**Marriage Relationship**

- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Post-judgment Actions (non-Title IV-D)**

- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**

- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Other Family Law**

- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: _____

**Parent-Child Relationship**

- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Paternity/Parentage
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: _____

**Tax**

- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

## *Probate & Mental Health*

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

10/11/2021 11:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58055532
By: Monica Jackson
Filed: 10/11/2021 11:20 AM

2021-66222 / Court: 151

CAUSE NO.____________

| LISA LAROCCA | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INVASIX, INC. and INMODE LTD., | § | |
| | § | |
| DEFENDANT(S) | § | ______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Lisa LaRocca ("Plaintiff") files this Original Petition and would show the Court as follows:

## I.
## PARTIES AND VENUE

Plaintiff Lisa LaRocca is a citizen of the State of Texas, residing in League City, Galveston County, Texas.

Defendant Invasix, Inc. is a corporation formed under the laws of Delaware, with its principal North American office in Ontario, Canada. Defendant Invasix, Inc. may be served with process by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or anywhere they may be found. A CITATION IS REQUESTED AT THIS TIME.

Defendant InMode Ltd. is an Israeli corporation with a principal place of business at Tavor Building, Sha'ar Yokneam, P.O. Box 533, Yokneam 2069206, Israel. Pursuant to Texas Rules of Civil Procedure and Article 10(a) of the Hague Convention, Plaintiff may serve Defendant InMode Ltd. by certified mail at this location, attention Moshe Mizrahy, the company's Chief Executive Officer and Chairman of the Board of Directors.

Jurisdiction is proper in this Court because the Plaintiff's claims exceed the jurisdictional limit for the Court and because, Invasix, Inc., has sufficient minimum contacts within the State of Texas such that the Court enjoys general jurisdiction over matters against Invasix, Inc., More particularly, Invasix, Inc., maintains employees and/or independent contractors in the State of Texas, sells medical devices in the State of Texas, enters into contracts with health care providers in the State of Texas and otherwise purposefully avails itself of the resources of the State of Texas. Invasix, Inc. is registered with the Texas Secretary of State to do business within the State of Texas. The Court enjoys specific jurisdiction over Invasix, Inc., because Invasix, Inc., placed into the stream of commerce for use in Texas, the medical device that injured Plaintiff and for which she seeks justice by this lawsuit.

Venue is proper in Harris County because it is "the county in which all or a substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred." Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

## II.
## RULE 47 COMPLIANCE

Plaintiff seeks damages within the jurisdictional limits of this court. At this juncture, and pending discovery in this matter, Plaintiff seeks monetary relief over $1,000,000.00.

## III.
## DISCOVERY LEVEL

Plaintiff elects Discovery Level III for this proceeding.

## IV.
## FACTUAL BACKGROUND

Plaintiff suffered permanent disfigurement and personal injury caused by the Bodytite Defendant Invasix, Inc., acts as the North American division for Defendant InMode Ltd. Plaintiff, therefore, refers to these defendants collectively as "Invasix, Inc." Invasix, Inc. markets the procedure as a safer alternative to liposuction and laser skin tightening surgeries with little or no

recovery time. Invasix, Inc. claims Bodytite is a minimally invasive, virtually risk-free procedure that requires no downtime. The company further boasts that the Product carefully monitors the temperature of a patient's skin from both the inside and outside and shuts off before reaching a dangerously high temperature to prevent burning.[1]

Prior to the Bodytite procedure that left her permanently injured, Lisa was a young-looking fifty (50) year old wife and mother. At the time of her procedure, Lisa enjoyed her beautiful and attractive fit figure. She sought treatment only to provide a modest lift to tighten her inner thighs and reduce cellulite— all without invasive treatment.

Lisa chose the Bodytite procedure relying on Invasix, Inc.'s claim that the procedure was a safer alternative to other more invasive procedures. Also, according to the Product's manual, the device monitors the temperature internally and externally to prevent burns.

Dr. Adams of Coastal Plastic Surgery placed Lisa under general anesthesia for her Bodytite procedure of the Buttocks and Circumferential Thighs, Brazilian Buttocks Lift, Lipectomy of Bilateral Hips, Abdomen, Inner Thighs/Knees, and Pearl Fractional Full Face on October 18, 2019. The procedure scarred Lisa's right buttocks and right inner thigh. So, in December of 2019 Dr. Adams placed Lisa under a local anesthetic to perform a scar revision and to achieve the desired results that the first procedure failed to accomplish. On March 5, 2020 Dr. Adams performed a procedure with the Morpheous8 and numbing cream. On June15, 2020 Lisa was placed under

---

[1] See e.g., Soft Tissue Contraction in Body Contouring With Radiofrequency-Assisted Liposuction: A Treatment Gap Solution, Spero J. Theodoru, MD; Daniel Del Vecchio, MD; and Christopher T. Chia, MD, Aesthetic Surgery J., vol. 38(S2) S74-S83 (2018) at https://inmodemd.com/wpcontent/uploads/2018/04/PeerRev_ASJ_RFALGap_STDDCC_smaller.pdf (concluding Bodytite "ensures both uniform and efficient heating of the soft tissues to target temperatures while including multiple safety parameters to greatly mitigate the risk of overheating and burns").

*See*, A Safety and Feasibility Study of a Novel Radiofrequency-Assisted Liposuction Technique, Guillermo Blugerman, MD; Diego Schavelzon, MD; and Malcolm D. Paul, MD, Journal of the American Society of Plastic Surgeons, vol.125, 998-1006 (March 2010), at https://inmodemd.com/wpcontent/uploads/2017/12/PeerRev_PRS_BlugermanSchavelzonPaul1.pdf ("The present power, cut-off temperature, and impedance limits allow for the safe application of energy. The system automatically limits radiofrequency power when skin temperature limits are being approached and will maintain and not exceed the present levels.").

general anesthesia for her Morpheous8 procedure of the Bilateral Circumferential Thighs, Fat Transfer to Bilateral Buttocks and Lipectomy of Bilateral Axilla and Hips.

Although the InMode and Morpheous8 devices should have monitored Lisa's skin temperature internally and externally and shut off before the device would burn Lisa's skin and damage other tissues. This safeguard did not work. Rather, the Bodytite procedure left Lisa with severe burns on her right upper inner thigh and on the right side of the buttocks. These burns left an open wound, markings, swelling to the area that was hot to the touch indicating an infection. In December of 2019, Lisa returned to Dr. Adams to have a scar revision. The scars persist despite a painful scar revision surgery performed by Dr. Todd Adams of Coastal Plastic Surgery. Dr. Adams also attempted to remove and repair the scarring, dip in the thigh and try to reduce the gap in the leg from the thigh, but again, with limited success. On March 5, 2020, Dr. Adams performed a procedure with the Morpheous8 with numbing cream which left Lisa with burn marks and lumps on her thigh and leg.

Lisa's injuries include her disfigurement, pain and suffering. They also include the cost of her past and future restorative treatments. The initial treatment received from Dr. Adams alone cost approximately $6,000.00.

Desperate for help but hesitant to trust anther physician or procedure, Lisa began searching for the very best doctors for treating her injuries and sought out several medical opinions. The estimated future treatments will cost approximately another $12,000 or more and will only minimize the damage done not completely correct it.

Lisa has suffered emotionally, too. She is an attractive woman who, until her serious permanent injuries, enjoyed a fit attractive figure and the confidence that comes with looking younger than one's age.

As a result of her disfigurement and immobility during recovery, Lisa has experienced extreme anxiety, depression, sleeplessness, and a significant decrease in her self-esteem. Before

the disfiguration, she lived an active life. Now, she is embarrassed for anyone to see the disfiguration. Worst of all, Lisa's anxiety, depression, sleeplessness, and loss of confidence has hindered every aspect of her life including her relationship with her (2) children, caused marital strain and a decrease in spending time with her family and friends. Some days, the anguish of all that she has suffered is completely crippling.

**V.**
**COUNT ONE: BREACH OF IMPLIED AND EXPRESS WARRANTIES**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc.'s promises of a non-invasive, risk and pain-free procedure with little downtime and awesome results constitute express warranties. In addition, Texas law imposes the implied warranties of fitness for a particular purpose and of merchantability, among others, which require the radio frequency device to work for its intended purpose.

Instead of working as warranted, the so-called non-invasive radio frequency device burned Lisa's skin, leaving it painful, red, swollen and covered in wounds that took months to heal and that have left permanent scars and hypopigmentation.

The product also failed to perform as warranted because Invasix, Inc. failed to provide Lisa's doctor proper and clear instructions for its safe use of the Product.

Plaintiff has notified Invasix, Inc. of these breaches of warranty.

**COUNT TWO: VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc.'s breach of implied and express warranty constitutes a violation of the DTPA. Tex. Bus. & Comm. Code 17.50(a)(2). Invasix, Inc. also violated the DTPA by, among other things, failure to provide proper, clear and consistent instructions for the safe and effective use of the Product; failure to investigate and report to the FDA adverse events and adverse results of the Product; failure to disclose the risk of burns, thermal mediated demyelination of the sensory and

autonomic nerves leading to diffuse post-radio frequency assisted liposuction dysesthesia and lymphatic system compromise. Further, Invasix, Inc.'s misrepresentations of the quality, nature and other characteristics of the radio frequency device—including its dissemination of so-called peer reviewed and white paper articles written by physicians connected to the company or otherwise enjoying financial incentive to promote the Product without fully disclosing those connections and incentives—also amount to violations of the DTPA. Tex. Bus. & Comm. Code 17.46(b)(5) and (7).

The conduct described in this section is done knowingly and are the producing cause of Lisa's injuries. Consequently, Lisa's damages should be trebled.

**COUNT THREE: COMMON LAW FRAUD**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc. knowingly concealed, suppressed, and consciously omitted material facts in promotional activities, advertisements and labeling to Lisa and to the users of the Product, including Lisa's doctor, knowing and intending that Plaintiff and users would rely on the promotional activities, advertisements and labeling. More specifically, Invasix, Inc. (1) failed to disclose that physicians used in promoting the Product received a financial benefit for doing so; (2) promoted the Product for off-label use, an act which is prohibited under the FDCA; (3) falsely represented the off-label uses and benefits of the Product without proper disclosure of attendant risks, an act that is prohibited by the FDCA; (4) falsely represented the off-label uses benefits of the Product through inconsistent and inadequate instructions/warnings found in Product manuals and Clinical Bulletins, an act that is prohibited by the FDCA; (5) failed to report—and affirmatively acted to suppress reporting of—adverse events concerning the Product, as required by the FDCA; and (6) falsely represented the Product provides in just one treatment better, safer, more effective results than can be achieved with alternative procedures.

Invasix, Inc.'s fraud is the proximate cause of Plaintiffs' injuries.

**COUNT FOUR: NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc. owed Lisa a duty to use due care in their development, testing, planning, design, marketing and sale of the Product. Under the DTPA, FDCA and the applicable common law, Invasix, Inc. owed Lisa a duty of care to refrain from the false, misleading or fraudulent off-label promotion and labeling of the Product. Under the DTPA, FDCA and the applicable common law, Invasix, Inc. also owed Lisa a duty to report adverse events related to use of the Product. The statutory schemes of the DTPA and FDCA are designed to protect vulnerable patients like Lisa and, therefore, set the standard of care in these regards.

Invasix, Inc. breached these duties by (1) failure to exercise due care in producing, processing, manufacturing, distributing and/or offering for sale the Product and, therefore, selling the Product in a defective condition that was unsafe for use as promoted by Defendant, namely the failure to warn; (2) false, misleading or fraudulent off-label promotion of the Product; (3) false, misleading or fraudulent labeling of the product through inconsistent and inadequate instructions/warnings found in Product manuals and Clinical Bulletins; and (4) failure to report—and affirmative acts to suppress reporting of—adverse events concerning the Product.

Invasix, Inc. further breached its duty of care to Lisa by failing to use sufficient quality control, perform adequate research or testing, proper manufacturing, production or processing, and failing to take sufficient measures to prevent the Product from being offered for sale in an unsafe and hazardous form.

In addition, Invasix, Inc. breached its duty of due care by failing to properly and adequately inform consumers, including Lisa, health care providers and the FDA once risks of unintended injuries such as burns and scars were brought to the Invasix, Inc.'s attention.

Invasix, Inc. knew, or in the exercise of reasonable care should have known, that the Product presents an unacceptable risk to consumers, including Lisa, and would result in damages

that were foreseeable and reasonably avoidable.

As a direct and proximate result of Invasix, Inc.'s above-referenced negligence, negligence per se and/or gross negligence, Lisa has suffered and is entitled to recover damages, both compensatory and punitive.

**COUNT FIVE: STRICT PRODUCT LIABILITY**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc. is the producer, manufacturer, marketer, distributor and/or seller of the Product.

The Product is defective in design or formulation due to inconsistent and inadequate instructions/warnings and the promotion of off-label use of the Product employing aggressive settings and techniques in order to exaggerate the effectiveness of the Product while failing to disclose the dramatic increase in risks of unintended injuries when using the Product in such an aggressive manner.

The Product is also defective due to inadequate post-market instruction/warnings because, after Invasix, Inc. knew or should have known of the risk of injury from the Product, Invasix, Inc. failed to immediately provide adequate instruction/warnings and report adverse events to Lisa, health care providers and the FDA.

As the direct and legal result of the defective condition of the Product as produced, manufactured, designed, marketed, distributed and/or sold by Invasix, Inc., and of the negligence, carelessness, other wrongdoing and actions of Invasix, Inc. described herein, Plaintiffs suffered damages.

**PUNITIVE DAMAGES NECESSARY TO PROTECT OTHER PATIENTS**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc.'s conduct, when viewed objectively from the Invasix, Inc.'s standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of

the potential harm to others. Invasix, Inc. had actual, subjective awareness of the risk but proceeded with conscious indifference as to Lisa's rights, safety and welfare.

**INAPPLICABILITY OF CAPS ON DAMAGES**

The foregoing paragraphs are incorporated by reference.

The reckless, intentional and criminal acts of Invasix, Inc. render any caps on damages inapplicable.

**VI.**
**REQUEST FOR ATTORNEYS' FEES**

Plaintiff requests an award of attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code and the DTPA.

**VII.**
**PREEXISTING CONDITION**

Pleading further, if it be shown that if Plaintiff suffered some preexisting injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned negligence.

**VIII.**
**SUBSEQUENT CONDITION**

Pleading further, if it be shown that if Plaintiff suffered from any subsequent injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the aforementioned negligence.

**IX.**
**RULE 193.7 NOTICE**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of

this matter without the necessity of authenticating the document and/or materials produced in discovery.

**X.**
**RESERVE THE RIGHT TO AMEND & SUPPLEMENT**

These allegations against the Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

**XI.**
**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury and tenders the appropriate fee.

**XII.**
**REQUIRED DISCLOSURES**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose the information or material described in Rule 194.2(a) 194.2(l) within (30) days of the filing of the first answer or general appearance.

**XIII.**
**PRE-JUDGMENT INTEREST**

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

**XIV.**
**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Rule 21 of the Texas Rules of Civil Procedure (efile@injurylawyerhou.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

**XV.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant Invasix, Inc. be cited to appear and answer herein and that, upon final hearing and trial, Plaintiffs be granted judgment for actual damages, attorney's fees, costs, pre-judgment and post-judgment interest at the maximum rates allowable by law and any other or further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully Submitted
**Farrah Martinez, PLLC**

/s/ Farrah Martinez
Farrah Martinez
State Bar No. 24044396
700 Louisiana St, Suite 3950
Houston, Texas 77002
*E-Service only accepted at:*
efile@injurylawyerhou.com
Regular email:
Farrah@InjuryLawyerHOU.com
Telephone: (713) 853-9296
**ATTORNEY FOR PLAINTIFF**

11/12/2021 2:15:59 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 59119490
By: HODGINS, KEELEY M
Filed: 11/12/2021 2:15:59 PM

**CAUSE NO.2021-66222**

| | | |
|---|---|---|
| **LISA LAROCCA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INVASIX, INC. and INMODE LTD.,** | § | |
| | § | |
| **DEFENDANT(S)** | § | **151ST JUDICIAL DISTRICT** |

**ORDER GRANTING INTERLOCUTORY DEFAULT JUDGEMENT**

On this day came to be considered Plaintiff's Motion for Default Judgment ("Motion"). After considering the Motion, the Court finds same to have merit. Accordingly, the Court Grants the Motion and enters judgment as to liability only on Plaintiff's claims against Defendant Invasix, Inc.

**Signed on**____________________

______________________________
**JUDGE PRESIDING**

11/12/2021 2:15:59 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 59119490
By: HODGINS, KEELEY M
Filed: 11/12/2021 2:15:59 PM

**CAUSE NO. 2021-66222**

| | | |
|---|---|---|
| **LISA LAROCCA** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INVASIX, INC. and INMODE LTD.,** | § | |
| | § | |
| **DEFENDANT(S)** | § | **151ST JUDICIAL DISTRICT** |

**NOTICE OF HEARING BY SUBMISSION**

PLEASE TAKE NOTICE that the Plaintiff's Motion for Default Judgment will be set on the submission docket for Monday, November 22, 2021, at 8:00 a.m. in the 151st Judicial District Court of Harris County, TX.

Respectfully Submitted
**Farrah Martinez, PLLC**

/s/ Farrah Martinez
Farrah Martinez
State Bar No. 24044396
700 Louisiana St, Suite 3950
Houston, Texas 77002
*E-Service only accepted at:*
efile@injurylawyerhou.om
Regular email:
Farrah@InjuryLawyerHOU.com
Telephone: (713) 853-9296
**ATTORNEY FOR PLAINTIFF**

11/12/2021 2:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59119490
By: Keeley Hodgins
Filed: 11/12/2021 2:15 PM

**CAUSE NO. 2021-66222**

| | | |
|---|---|---|
| **LISA LAROCCA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INVASIX, INC. and INMODE LTD.,** | § | |
| | § | |
| **DEFENDANT(S)** | § | **151ST JUDICIAL DISTRICT** |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Texas Rules of Civil Procedure 239, Plaintiff files this, its Motion for Default Judgment, and would respectfully show the Court as follows:

## I. INTRODUCTION

This suit involves an action for product liability and personal injury damages sustained by the Plaintiff that arises from a defective product used during a medical procedure on October 18, 2019.

Plaintiff suffered permanent disfigurement and personal injury caused by the Bodytite Defendant Invasix, Inc., acts as the North American division for Defendant InMode Ltd. Plaintiff, therefore, refers to these defendants collectively as "Invasix, Inc." Invasix, Inc. markets the procedure as a safer alternative to liposuction and laser skin tightening surgeries with little or no recovery time. Invasix, Inc. claims Bodytite is a minimally invasive, virtually risk-free procedure that requires no downtime. The company further boasts that the Product carefully monitors the temperature of a patient's skin from both the inside and outside and shuts off before reaching a dangerously high temperature to prevent burning. Prior to the Bodytite procedure that left her permanently injured, Lisa was a young-looking fifty (50) year old wife and mother. At the time of her procedure, Lisa enjoyed her beautiful and attractive fit figure. She sought

treatment only to provide a modest lift to tighten her inner thighs and reduce cellulite— all without invasive treatment. Lisa chose the Bodytite procedure relying on Invasix, Inc.'s claim that the procedure was a safer alternative to other more invasive procedures. Also, according to the Product's manual, the device monitors the temperature internally and externally to prevent burns. Dr. Adams of Coastal Plastic Surgery placed Lisa under general anesthesia for her Bodytite procedure of the Buttocks and Circumferential Thighs, Brazilian Buttocks Lift, Lipectomy of Bilateral Hips, Abdomen, Inner Thighs/Knees, and Pearl Fractional Full Face on October 18, 2019. The procedure scarred Lisa's right buttocks and right inner thigh. So, in December of 2019 Dr. Adams placed Lisa under a local anesthetic to perform a scar revision and to achieve the desired results that the first procedure failed to accomplish. On March 5, 2020, Dr. Adams performed a procedure with the Morpheous8 and numbing cream. On June15, 2020 Lisa was placed under general anesthesia for her Morpheous8 procedure of the Bilateral Circumferential Thighs, Fat Transfer to Bilateral Buttocks and Lipectomy of Bilateral Axilla and Hips.

Although the InMode and Morpheous8 devices should have monitored Lisa's skin temperature internally and externally and shut off before the device would burn Lisa's skin and damage other tissues. This safeguard did not work. Rather, the Bodytite procedure left Lisa with severe burns on her right upper inner thigh and on the right side of the buttocks. These burns left an open wound, markings, swelling to the area that was hot to the touch indicating an infection. In December of 2019, Lisa returned to Dr. Adams to have a scar revision. The scars persist despite a painful scar revision surgery performed by Dr. Todd Adams of Coastal Plastic Surgery. Dr. Adams also attempted to remove and repair the scarring, dip in the thigh and try to reduce the gap in the leg from the thigh, but again, with limited success. On March 5, 2020, Dr. Adams performed a procedure with the Morpheous8 with numbing cream which left Lisa with burn

marks and lumps on her thigh and leg.

Lisa's injuries include her disfigurement, pain and suffering. They also include the cost of her past and future restorative treatments. The initial treatment received from Dr. Adams alone cost approximately $6,000.00.

Desperate for help but hesitant to trust anther physician or procedure, Lisa began searching for the very best doctors for treating her injuries and sought out several medical opinions. The estimated future treatments will cost approximately another $12,000 or more and will only minimize the damage done not completely correct it.

Lisa has suffered emotionally, too. She is an attractive woman who, until her serious permanent injuries, enjoyed a fit attractive figure and the confidence that comes with looking younger than one's age.

As a result of her disfigurement and immobility during recovery, Lisa has experienced extreme anxiety, depression, sleeplessness, and a significant decrease in her self-esteem. Before the disfiguration, she lived an active life. Now, she is embarrassed for anyone to see the disfiguration. Worst of all, Lisa's anxiety, depression, sleeplessness, and loss of confidence has hindered every aspect of her life including her relationship with her (2) children, caused marital strain and a decrease in spending time with her family and friends. Some days, the anguish of all that she has suffered is completely crippling.

**COUNT ONE: BREACH OF IMPLIED AND EXPRESS WARRANTIES**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc.'s promises of a non-invasive, risk and pain-free procedure with little downtime and awesome results constitute express warranties. In addition, Texas law imposes the implied warranties of fitness for a particular purpose and of merchantability, among others, which require the radio frequency device to work for its intended purpose.

Instead of working as warranted, the so-called non-invasive radio frequency device burned Lisa's skin, leaving it painful, red, swollen and covered in wounds that took months to heal and that have left permanent scars and hypopigmentation.

The product also failed to perform as warranted because Invasix, Inc. failed to provide Lisa's doctor proper and clear instructions for its safe use of the Product.

Plaintiff has notified Invasix, Inc. of these breaches of warranty.

**COUNT TWO: VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc.'s breach of implied and express warranty constitutes a violation of the DTPA. Tex. Bus. & Comm. Code 17.50(a)(2). Invasix, Inc. also violated the DTPA by, among other things, failure to provide proper, clear and consistent instructions for the safe and effective use of the Product; failure to investigate and report to the FDA adverse events and adverse results of the Product; failure to disclose the risk of burns, thermal mediated demyelination of the sensory and autonomic nerves leading to diffuse post-radio frequency assisted liposuction dysesthesia and lymphatic system compromise. Further, Invasix, Inc.'s misrepresentations of the quality, nature and other characteristics of the radio frequency device—including its dissemination of so-called peer reviewed and white paper articles written by physicians connected to the company or otherwise enjoying financial incentive to promote the Product without fully disclosing those connections and incentives—also amount to violations of the DTPA. Tex. Bus. & Comm. Code 17.46(b)(5) and (7).

The conduct described in this section is done knowingly and are the producing cause of Lisa's injuries. Consequently, Lisa's damages should be trebled.

**COUNT THREE: COMMON LAW FRAUD**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc. knowingly concealed, suppressed, and consciously omitted material facts in promotional activities, advertisements and labeling to Lisa and to the users of the Product, including Lisa's doctor, knowing and intending that Plaintiff and users would rely on the promotional activities, advertisements and labeling. More specifically, Invasix, Inc. (1) failed to disclose that physicians used in promoting the Product received a financial benefit for doing so; (2) promoted the Product for off-label use, an act which is prohibited under the FDCA; (3) falsely represented the off-label uses and benefits of the Product without proper disclosure of attendant risks, an act that is prohibited by the FDCA; (4) falsely represented the off-label uses benefits of the Product through inconsistent and inadequate instructions/warnings found in Product manuals and Clinical Bulletins, an act that is prohibited by the FDCA; (5) failed to report—and affirmatively acted to suppress reporting of—adverse events concerning the Product, as required by the FDCA; and (6) falsely represented the Product provides in just one treatment better, safer, more effective results than can be achieved with alternative procedures.

Invasix, Inc.'s fraud is the proximate cause of Plaintiff's injuries.

**COUNT FOUR: NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc. owed Lisa a duty to use due care in their development, testing, planning, design, marketing and sale of the Product. Under the DTPA, FDCA and the applicable common law, Invasix, Inc. owed Lisa a duty of care to refrain from the false, misleading or fraudulent off label promotion and labeling of the Product. Under the DTPA, FDCA and the applicable common law, Invasix, Inc. also owed Lisa a duty to report adverse events related to use of the Product. The statutory schemes of the DTPA and FDCA are designed to protect vulnerable patients like Lisa and, therefore, set the standard of care in these regards.

Invasix, Inc. breached these duties by (1) failure to exercise due care in producing,

processing, manufacturing, distributing and/or offering for sale the Product and, therefore, selling the Product in a defective condition that was unsafe for use as promoted by Defendant, namely the failure to warn; (2) false, misleading or fraudulent off-label promotion of the Product; (3) false, misleading or fraudulent labeling of the product through inconsistent and inadequate instructions/warnings found in Product manuals and Clinical Bulletins; and (4) failure to report— and affirmative acts to suppress reporting of—adverse events concerning the Product.

Invasix, Inc. further breached its duty of care to Lisa by failing to use sufficient quality control, perform adequate research or testing, proper manufacturing, production or processing, and failing to take sufficient measures to prevent the Product from being offered for sale in an unsafe and hazardous form.

In addition, Invasix, Inc. breached its duty of due care by failing to properly and adequately inform consumers, including Lisa, health care providers and the FDA once risks of unintended injuries such as burns and scars were brought to the Invasix, Inc.'s attention.

Invasix, Inc. knew, or in the exercise of reasonable care should have known, that the Product presents an unacceptable risk to consumers, including Lisa, and would result in damages that were foreseeable and reasonably avoidable.

As a direct and proximate result of Invasix, Inc.'s above-referenced negligence, negligence per se and/or gross negligence, Lisa has suffered and is entitled to recover damages, both compensatory and punitive.

**COUNT FIVE: STRICT PRODUCT LIABILITY**

The foregoing paragraphs are incorporated by reference.

Invasix, Inc. is the producer, manufacturer, marketer, distributor and/or seller of the Product.

The Product is defective in design or formulation due to inconsistent and inadequate

instructions/warnings and the promotion of off-label use of the Product employing aggressive settings and techniques in order to exaggerate the effectiveness of the Product while failing to disclose the dramatic increase in risks of unintended injuries when using the Product in such an aggressive manner.

The Product is also defective due to inadequate post-market instruction/warnings because, after Invasix, Inc. knew or should have known of the risk of injury from the Product, Invasix, Inc. failed to immediately provide adequate instruction/warnings and report adverse events to Lisa, health care providers and the FDA.

As the direct and legal result of the defective condition of the Product as produced, manufactured, designed, marketed, distributed and/or sold by Invasix, Inc., and of the negligence, carelessness, other wrongdoing and actions of Invasix, Inc. described herein, Plaintiff suffered damages.

## II. DEFAULT JUDGMENT STANDARD

Texas law provides that "at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default again such defendant if he has not previously filed an answer, and provided that the citation with the officer's return thereon shall have been on file with the clerk for the length of time required by Rule 107.[1] Rule 107 mandates that no default may be granted until the citation has been on file with the clerk for ten days, exclusive of the date of filing and judgment.[2]

Additionally, before a court may render a default judgment, the plaintiff moving for default judgment must file an affidavit stating: (A) whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to

[1] *See* TEX. R. CIV. P. 239
[2] *See* TEX. R. CIV. P. 107

determine whether or not the defendant is in military service. 50 U.S.C.A. App. § 521 (b)(1) (West 2003); *Hawkins v. Hawkins*, 999 S.W.2d 171, 174 (Tex. App.—Austin 1999, no pet.) If the defendant is either in the military or the plaintiff does not know his military status, a judgment can be rendered only after an attorney has been appointed to represent the defendant.[3] Finally, prior to entry of default judgment, the Plaintiff must also provide the court with a certificate of the defendant's last known address.[4] As discussed below, each of these requirements is fulfilled so that rendition of default judgment is proper.

Plaintiff's Original Petition and Citation were served on Defendant by certified mail delivery to CT Corporation-Registered Agent for Invasix, Inc. on October 19, 2021.[5] Defendant's answer was due November 8, at 10:00 A.M.[6] To date, Defendant has not filed an answer or any pleading constituting an answer. Accordingly, Plaintiff has established the first element necessary for rendition of a default judgment.

The Citation in this matter has been on file with the Montgomery County Clerk's Office since November 1, 2021. (*See* Exh. A.) Thus, at the time of filing this Motion, the Citation has been on file with the clerk's Office for (10) days. This exceeds the minimum period specified under Rule 107.[7] (Providing that "[n]o default may be granted in any cause until the citation . . . shall have been on file with the clerk for ten days, exclusive of the date of filing and judgment"). Accordingly, Plaintiff meets the ten-day requirement set forth in Rule 107.

Defendant is not a current member of the United States armed forces.[8] Because Defendant is not a member of the U.S. armed forces, a default judgment may be rendered against

[3] *See Hawkins*, 999 S.W.3d at 171
[4] *See* TEX. R. CIV. P. 239a
[5] *See* Exhibit "A": Filed Citation for Service
[6] *See* TEX. R. CIV. P. 99b
[7] *See* TEX. R. CIV. P. 107
[8] *See* Exhibit "B": Affidavit of Defendant's Military Status

it at this time.[9]

Defendant's last known address is 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.[10] Attached as Exhibit "C" is the Plaintiff's certificate of the Defendant's last known address.

## III. LIABILITY

"A judgment taken by default admits all allegations of fact set out in the petition and conclusively establishes the defendant's liability" on all issues except for the amount of unliquidated damages. *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 242 (Tex. App.—San Antonio 1996, writ denied); *Jackson v. Gutierrez*, 77 S.W.3d 898, 901 (Tex. App.—Houston [14th Dist.] 2002, no pet.). By failing to answer the Petition, Defendant is deemed to have admitted these facts, and conclusively established liability on Plaintiff's claims for negligence.[11]

## IV. DAMAGES

Under Texas law, a trial court may award either liquidated or unliquidated damages on a motion for default judgment "without the need of holding an evidentiary hearing." *Ingram Indus. Inc., v. U.S. Bolt Mfg., Inc.,* 121 S.W.3d 31, 37 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Liquidated damages are damages that can be accurately calculated from (1) the factual allegations in the petition, and (2) a written instrument attached to the petition. TEX. R. CIV. P. 241; *Aavid v. Thermal Techs. v. Irving ISD*, 68 S.W.3d 707, 711 (Tex. App.—Dallas 2001, no pet.). Where damages are liquidated, a trial court can render a default judgment if it can verify the damages by referring to the allegations in the petition and the written instruments. TEX. R. CIV. P. 241; *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.)

The damages pleaded in Plaintiff's Original Petition are partially liquidated (medical

---

[9] *See Hawkins*, 999 S.W.2d at 174

[10] *See* Exhibit "C": Plaintiff's Certificate of Defendant's last known address.

[11] *See Gutierrez*, 77 S.W.3d at 901

expenses) and partly unliquidated (past and future pain/suffering, mental anguish, future medical expenses, lost wages, disfigurement, and physical impairment); therefore, a hearing is necessary to establish the amount of damages.

## V. PRAYER

Given the above, Plaintiff asks the Court to sign a default judgment granting the liability as requested in this Motion and damages to be proved at a hearing.

Respectfully Submitted
**Farrah Martinez, PLLC**

/s/ Farrah Martinez
Farrah Martinez
State Bar No. 24044396
700 Louisiana St, Suite 3950
Houston, Texas 77002
*E-Service only accepted at:*
efile@injurylawyerhou.com
Regular email:
Farrah@InjuryLawyerHOU.com
Telephone: (713) 853-9296
**ATTORNEY FOR PLAINTIFF**

EXHIBIT "A"

11/1/2021 10:27 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58707895
By: Keeley Hodgins
Filed: 11/1/2021 10:27 AM

CAUSE NO. 202166222

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 948204 TRACKING NO: 73926188 EML

| | |
|---|---|
| Plaintiff:<br>LAROCCA, LISA<br>vs.<br>Defendant:<br>INVASIX INC | In The 151st<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: INVASIX INC (A CORPORATION FORMED UNDER THE LAWS OF DELAWARE) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201**
**OR ANYWHERE THEY MAY BE FOUND**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on October 11, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on October 12, 2021, under my hand and seal of said court.

Issued at the request of:
Martinez, Farrah G
700 LOUISIANA ST, SUITE 3950
HOUSTON, TX 77002-7700
713-853-9296
Bar Number: 24044396




Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:MONICA JACKSON

Tracking Number: 73926188 EML

**CAUSE NUMBER: 202166222**

**PLAINTIFF: LAROCCA, LISA**

**vs.**

**DEFENDANT: INVASIX INC**

**In the 151st**

**Judicial District Court of**

**Harris County, Texas**

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at 10:00 o'clock A. M. on the 13 day of October, 2021. Executed at (Address) 1999 Bryan St Ste 900 Dallas, TX 75201 in Dallas County at o'clock 9:18 A M. On the 19 day of October, 2021, by

Delivering to "Invasix Inc" Registered Agent CT Corporation By Registered Mail" defendant, in person, a true copy of this Citation together with the accompanying ______ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 19 day of October, 2021

Fees $______

Shawn Morgan SL Mgr PSC#5979 Exp 5-31-22
Affiant

By______
Deputy

On this day, Shawn Morgan, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this 30 day of October, 2021.

ARNOLIA MARIE ROBINSON-GRAHAM
Notary Public, State of Texas
Comm. Expires 07-28-2023
Notary ID 130311090

[signature]
Notary Public

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Invasix Inc
Agent: CT Corp System
1999 Bryan St Ste 900
Dallas, TX 75201

9590 9402 6308 0274 9081 79

2. Article Number (Transfer from service label)

7020 1290 0001 1369 1790

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]

☐ Agent
☐ Addressee

B. Received by (Printed Name)

George Martinez

C. Date of Delivery

OCT 19 2021

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

# USPS Tracking®

FAQs ›

Track Another Package +

Remove ✕

**Tracking Number:** 70201290000113691790

Your item was delivered at 9:18 am on October 19, 2021 in DALLAS, TX 75201.

## Delivered

October 19, 2021 at 9:18 am
DALLAS, TX 75201

**Get Updates**

Feedback

---

**Text & Email Updates**

---

**Tracking History**

**October 19, 2021, 9:18 am**
Delivered
DALLAS, TX 75201
Your item was delivered at 9:18 am on October 19, 2021 in DALLAS, TX 75201.

**October 19, 2021, 9:00 am**
Out for Delivery
DALLAS, TX 75201

**October 19, 2021, 8:49 am**
Arrived at Post Office
DALLAS, TX 75201

**October 13, 2021, 11:36 am**
USPS in possession of item
HOUSTON, TX 77042

**Product Information**



**See Less**

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Farrah Martinez
Bar No. 24044396
efile@injurylawyerHOU.com
Envelope ID: 58707895
Status as of 11/1/2021 11:58 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Patrick Swayze | | Pete.Swayze@lewisbrisbois.com | 11/1/2021 10:27:21 AM | SENT |
| Kyle Allen | | Kyle.Allen@lewisbrisbois.com | 11/1/2021 10:27:21 AM | SENT |

EXHIBIT "B"

**CAUSE NO.2021-66222**

| | | |
|---|---|---|
| **LISA LAROCCA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INVASIX, INC. and INMODE LTD.,** | § | |
| | § | |
| **DEFENDANT(S)** | § | **151ST JUDICIAL DISTRICT** |

**SERVICEMAN'S AFFIDAVIT**

1. "My name is Farrah Martinez. I am over the age of eighteen (18) years, of sound mind, never been convicted of a crime, and capable of making this affidavit. The facts and circumstances stated herein are based on my own personal knowledge.

2. On November 10, 2021, I searched the U.S. Department of Defense's Manpower Data Center (https://scra-w.dmdc.osd.mil/scra/#/login) database to determine whether Defendant Kenneth Williamson is currently on active military status. According to my inquiry, the results of which are attached, Defendant Invasix, Inc. c/o CT Corporation is not on active duty.

Further Affiant sayeth not.

Farrah Martinez

SUSCRIBED AND SWORN TO BEFORE ME on this 12 day of November 2021, to which witness my hand and seal.




Julie McLoughlin
Notary Public in and for the State of Texas

Department of Defense Manpower Data Center

Results as of : Nov-10-2021 02:53:33 PM

SCRA 5.11



Status Report
Pursuant to Servicemembers Civil Relief Act

SSN:
Birth Date: Jan-XX-1990
Last Name: INC
First Name: INVASIX
Middle Name:
Status As Of: Nov-10-2021
Certificate ID: RBXH0H69LMMSNRV

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

Michael V. Sorrento

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

Department of Defense Manpower Data Center

Results as of : Nov-10-2021 02:54:00 PM

SCRA 5.11



Status Report
Pursuant to Servicemembers Civil Relief Act

SSN:
Birth Date: Jan-XX-1990
Last Name: CORPORATION
First Name: CT
Middle Name:
Status As Of: Nov-10-2021
Certificate ID: QGJMG31PT4371DY

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

Michael V. Sorrento

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

EXHIBIT "C"

**CAUSE NO.2021-66222**

| | | |
|---|---|---|
| **LISA LAROCCA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INVASIX, INC. and INMODE LTD.,** | § | |
| | § | |
| **DEFENDANT(S)** | § | **151ST JUDICIAL DISTRICT** |

**PLAINTIFF'S CERTIFICATE OF LAST KNOWN ADDRESS**

Plaintiff hereby certifies that the last known address of the Defendant Invasix, Inc. c/o CT Corporation as its registered agent is 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Farrah Martinez

11/15/2021 11:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 59157156
By: Keeley Hodgins
Filed: 11/15/2021 11:46 AM

**CAUSE NO. 2021.66222**

| | | |
|---|---|---|
| **LISA LAROCCA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **151ST JUDICIAL DISTRICT** |
| | § | |
| **INVASIX, INC. and INMODE LTD.,** | § | |
| | § | |
| **DEFENDANTS.** | § | **HARRIS COUNTY, TEXAS** |

**ORIGINAL ANSWER OF DEFENDANT INVASIX, INC.
TO PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, Invasix, Inc. (hereinafter referred to as "Invasix"), Defendant in the above-styled cause, and in response to Plaintiff's Original Petition ("Petition"), files the following Original Answer. In support of same, Invasix would respectfully show as follows:

## I. GENERAL DENIAL

1. Pursuant to Texas Rule of Civil Procedure 92, Invasix generally denies each and every, all and singular, of the material allegations contained in Plaintiff's live pleadings and respectfully requests that the Court and Jury require Plaintiff to prove her respective claims, charges, and allegations by a preponderance of the evidence as required by the Constitution and the laws of the State of Texas.

2. As permitted under the Texas Rules of Civil Procedure, Invasix respectfully reserves the right to amend this Answer to Plaintiff's allegations after it has had an opportunity to more closely investigate the claims.

## II. AFFIRMATIVE DEFENSES

3. Plaintiff's Petition fails to state a claim or claims upon which relief can be granted.

4. The sole proximate cause of Plaintiff's damages, if any were sustained, was the conduct of a person or persons or entity for whose acts or omissions Invasix was and is in no way liable.

5. If Plaintiff has been damaged, which Invasix denies, any recovery by Plaintiff is barred to the extent Plaintiff voluntarily exposed herself to a known risk and/or failed to mitigate her alleged damages. To the extent Plaintiff failed to mitigate alleged damages, any recovery should exclude alleged damages that could have been avoided by reasonable care and diligence.

6. Plaintiff failed to exercise ordinary care for his own safety such that Plaintiff is not entitled to recover.

7. The injuries and damages allegedly sustained by Plaintiff may be due to the operation of nature and/or idiosyncratic reaction(s) and/or pre-existing condition(s) over which Invasix had no control.

8. Plaintiff's claims are barred by the applicable statute(s) of limitations and/or statute(s) of repose.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or regulatory compliance.

10. There was no defect in the product or products at issue.

11. There was no causal connection between any alleged defect in the product at issue and Plaintiff's alleged damages.

12. If Plaintiff suffered any damages or injuries, which is denied, Invasix states that Plaintiff's recovery is barred, in whole or in part, or subject to reduction under the doctrines of contributory and/or comparative negligence.

13. In the alternative, and only in the event that it is determined that Plaintiff is entitled to recover against Invasix, recovery should be reduced in proportion to the degree or percentage of negligence or fault attributable to Plaintiff, any other defendants, third-party defendants, or other persons (including any party immune because bankruptcy renders them immune from further litigation), as well as any party, co-defendant, or non-parties with whom Plaintiff has settled or may settle in the future, according to Chapter 33 of the Texas Civil Practices and Remedies Code.

14. If Plaintiff has been damaged, which Invasix denies, such damages were caused by abuse, misuse, user error, and/or modification of the product at issue for which Invasix is in no way liable.

15. Invasix made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or implied warranty of fitness for a particular purpose, or any representations of any nature whatsoever to Plaintiff. To the extent applicable, Plaintiff's breach of warranty claims are barred by a lack of privity between Plaintiff and Invasix. All warranty claims are barred or limited by any and all express conditions or disclaimers, by Plaintiff's lack of reliance on any such warranties, and/or by waiver.

16. Plaintiff's claim for breach of implied warranty fails because the product was not used for its ordinary purpose.

17. Plaintiff's claim for breach of express warranty is barred because Plaintiff did not give pre-suit notice of any alleged defect of the product to Invasix .

18. Invasix neither had nor breached any duty to warn with respect to the product, with the result that Plaintiff is not entitled to recover.

19. Plaintiff's claims are barred by the intervention of the learned intermediary or intermediaries to whom Invasix discharged its duties to warn.

20. The conduct of Invasix and the subject product at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statute and regulations. Accordingly, Plaintiff's claims are barred, in whole or in part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

21. If Plaintiff recovers from Invasix , then Invasix is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to Plaintiff's alleged damages.

22. Should Invasix be held liable to Plaintiff, which liability is specifically denied, Invasix would be entitled to a set-off for the total of all amounts paid to Plaintiff from all collateral sources.

23. The product at issue is neither defective nor unreasonably dangerous because it is a medical device falling within what is commonly known as Comments (j) and (k), Restatement (Second) of Torts § 402A, and comparable provisions of the Restatement (Third) of Torts (Products Liability), in that the product at issue was, at all times material to Plaintiff's petition, reasonably safe and reasonably fit for its intended use, and the warnings and instructions accompanying the product at the time of the occurrence or injuries alleged by Plaintiff were legally adequate.

24. Invasix incorporates all defenses available pursuant to The Texas Deceptive Trade Practices Act.

25. Invasix did not fail to provide proper, clear, and consistent instructions, it did not fail to investigate or report adverse events, and properly disclosed all known risks.

26. Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the product at issue conformed with the generally recognized, reasonably available, and reliable state of knowledge when the product was manufactured and marketed.

27. Plaintiff's claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the product at issue conformed with industry custom/usage standards and/or legislative/administrative/regulatory standards.

28. The design complained of in Plaintiff's Petition, the alleged defects of the product, and/or any alternative design claimed by Plaintiff were not known and, in light of the existing, reasonably-available scientific and technological knowledge, could not have been known at the time the product at issue was designed, manufactured, and sold. Any alleged alternative design was not scientifically or technologically feasible or economically practical.

29. Invasix specifically pleads all affirmative defenses under the Uniform Commercial Code ("UCC") now existing or that may arise in the future, including those defenses provided by UCC §§ 2-607 and 2-709.

30. Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the FDA-approved product labeling, the prescribing physicians, or other persons or entities.

31. There should be no recovery against Invasix for any failure to warn or inadequacy of warning, because at all pertinent times, Plaintiff possessed or should have possessed adequate knowledge that negated any need for a warning.

32. Plaintiff's claims are barred, in whole or in part, because Invasix at all relevant times, complied with all applicable laws and regulations.

33. If Plaintiff and/or Decedent was injured or damaged as alleged, no injury or damages being admitted, such injuries were not caused by a product manufactured or distributed by Invasix.

34. Plaintiff's product liability claims are barred because the benefits of the product outweighed its risks.

35. Invasix invokes the provisions of § 33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by Plaintiff in this cause.

36. Invasix invokes the provisions of the Texas Civil Practice & Remedies Code § 41.0105 and pleads that Plaintiff's medical damages are limited to medical and health care expenses actually paid or incurred by or on behalf of Plaintiff's Decedent as a result of the injuries allegedly sustained.

37. Invasix asserts that Plaintiff's claims are barred pursuant to § 82.007 and/or § 82.008 of the Texas Civil Practices & Remedies Code.

38. No act or omission of Invasix was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive damages is barred.

39. Invasix denies that it ever acted alone or in concert with any other entities to fraudulently conceal or hide known defects in the product at issue.

40. Invasix denies that it acted illegally or with illegal or unlawful purpose. Invasix denies that it participated in any alleged conspiracy or that it acted in concert with any other individuals or entities to harm Plaintiff.

41. Invasix denies that it knowingly concealed, suppressed, or consciously omitted material facts with respect to the Product, and denies all allegations of fraud.

42. Invasix denies that it was the agent, parent company, partner, predecessor, franchise, joint venture, representative, or joint enterprise of any other entity relevant to this litigation.

43. Invasix denies that it negligently misrepresented any facts about the product at issue.

44. Invasix intends to rely upon any additional affirmative defenses that become available during the course of investigation and/or discovery and reserves the right to amend its answer to assert any additional defenses.

45. Plaintiff's Complaint should be dismissed based on *forum non conveniens*.

46. Plaintiff's Complaint should be dismissed for lack of subject-matter and/or personal jurisdiction.

## III. JURY DEMAND

Invasix requests a trial by jury.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Invasix prays that Plaintiff recover nothing by her claims against Invasix, and that Invasix receive all other relief to which it is entitled.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: *\/s/ Robert A. Ewert*

Robert A. Ewert
Texas Bar No. 24036540
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Phone: (214) 722-7100
Fax: (214) 722-7111
Robert.Ewert@lewisbrisbois.com

**ATTORNEYS FOR Invasix, Inc.**

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing has been served on all known counsel of record via electronic service on this 15th day of November, 2021.

Farrah Martinez
Farrah Martinez, PLLC
700 Louisiana St., Suite 3950
Houston, Texas 77002
Tel: (713) 853-9296
efile@injurylawyerhou.com
Counsel for Plaintiff

*/s/ Robert A. Ewert*
Robert A. Ewert

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Catlyn Wiegand on behalf of Robert Ewert
Bar No. 24036540
Catlyn.Wiegand@lewisbrisbois.com
Envelope ID: 59157156
Status as of 11/15/2021 12:19 PM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Farrah Martinez | 24044396 | efile@injurylawyerhou.com | 11/15/2021 11:46:35 AM | SENT |
| Robert Ewert | | Robert.Ewert@lewisbrisbois.com | 11/15/2021 11:46:35 AM | SENT |
| Catlyn Wiegand | | Catlyn.Wiegand@lewisbrisbois.com | 11/15/2021 11:46:35 AM | SENT |
| Patrick Swayze | | Pete.Swayze@lewisbrisbois.com | 11/15/2021 11:46:35 AM | SENT |
| Kyle Allen | | Kyle.Allen@lewisbrisbois.com | 11/15/2021 11:46:35 AM | SENT |

**From:** Swayze, Pete
**To:** Liebers, Kelly; Allen, Kyle
**Subject:** FW: 2021-66222 - LaRocca v. Invasix, Inc and InMode
**Date:** Tuesday, November 16, 2021 10:42:18 AM
**Attachments:** image001.png
image003.png

---

**Pete Swayze**
**Partner | Co-Chair of Life Sciences Group**
Philadelphia
215.977.4086 or x2154086

---

**From:** Julie McLoughlin <staff@injurylawyerhou.com>
**Sent:** Tuesday, November 16, 2021 10:41 AM
**To:** Hodgins, Keeley (DCO) <Keeley.Hodgins@hcdistrictclerk.com>
**Cc:** Farrah Martinez <farrah@injurylawyerhou.com>; Allen, Kyle <Kyle.Allen@lewisbrisbois.com>; Swayze, Pete <Pete.Swayze@lewisbrisbois.com>
**Subject:** [EXT] RE: 2021-66222 - LaRocca v. Invasix, Inc and InMode

**Caution:This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Thank you.

Respectfully,
Julie McLoughlin, Legal Assistant
**Farrah Martinez, PLLC**
www.InjuryLawyerHOU.com
700 Louisiana St, Suite 3950
Houston, Texas 77002
Tel: (713) 853-9296

---

**From:** Hodgins, Keeley (DCO) <Keeley.Hodgins@hcdistrictclerk.com>
**Sent:** Tuesday, November 16, 2021 9:04 AM
**To:** Julie McLoughlin <staff@injurylawyerhou.com>
**Cc:** Farrah Martinez <farrah@injurylawyerhou.com>
**Subject:** RE: 2021-66222 - LaRocca v. Invasix, Inc and InMode

The setting has been passed.

Thank you,

**Keeley Hodgins**
**151st District Court Lead Clerk**

MARILYN BURGESS, Harris County District Clerk
201 Caroline, Suite 1130 | Houston, TX 77002
(832) 927-2455

---

**From:** Julie McLoughlin <staff@injurylawyerhou.com>
**Sent:** Tuesday, November 16, 2021 9:02 AM
**To:** Hodgins, Keeley (DCO) <Keeley.Hodgins@hcdistrictclerk.com>
**Cc:** Farrah Martinez <farrah@injurylawyerhou.com>
**Subject:** 2021-66222 - LaRocca v. Invasix, Inc and InMode

Good morning,

We will be passing on the hearing by submission set for November 22nd.

Thank you.

Respectfully,
Julie McLoughlin, Legal Assistant
**Farrah Martinez, PLLC**
www.InjuryLawyerHOU.com
700 Louisiana St, Suite 3950
Houston, Texas 77002
Tel: (713) 853-9296