IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA LAROCCA, | § | |
| | § | |
| PLAINTIFF, | § | CASE NO.  4:21-cv-03792 |
| v. | § | |
| | § | |
| INVASIX, INC. and INMODE LTD., | § | |
| | § | JURY DEMANDED |
| DEFENDANTS. | § | |

**DEFENDANT INMODE LTD.'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

I.  INTRODUCTION

Defendant InMode, Ltd. submits this Reply Brief to address the few and unsupported arguments made by plaintiff as to why InMode, Ltd.'s Motion to Dismiss should not be granted.

Co-defendant Invasix, Inc. has used – and continues to use – the *trade name* InMode. As a result, Invasix, Inc. regularly styles contracts or claims on its behalf as Invasix, Inc., *doing business as* ("d/b/a") InMode. Rather than using its official corporate moniker, Invasix, Inc., often uses the *trade name* InMode as the front-facing name by which its customers and clients know it. InMode, as used by Invasix, Inc., is a pseudonym or fictitious business name.

Defendant, InMode, Ltd., is an Israeli company with its headquarters in Yokneam, Israel, and is the parent company of subsidiary Invasix, Inc. InMode, Ltd., the foreign company, is *not* the same as the fictitious trade name InMode. Plaintiff's entire argument rests on the misplaced belief that InMode, Ltd. is the same business entity as the fictitious trade name InMode. Without appreciating the distinction between the two concepts, the effect of plaintiff's misunderstanding is to argue that Invasix, Inc. is the same company as InMode, Ltd. Notwithstanding that the facts do

not support such a conclusion, plaintiff made no argument for jurisdiction based on the parent/subsidiary relationship and/or a theory of alter ago.

Significantly, plaintiff concedes that her "claims involve specific jurisdiction, not general" jurisdiction, and does not assert an argument in favor of the exercise of general jurisdiction over InMode, Ltd.[1] There is no basis for This Court to exercise specific or general personal jurisdiction.

II. **ARGUMENT**

### a. Plaintiff's Purported Basis for Specific Personal Jurisdiction is Premised Entirely on Inaccurate Factual Representations.

Plaintiff makes a series of inaccurate factual representations in favor of her argument that there is a basis for specific personal jurisdiction over InMode, Ltd. For example, plaintiff avers that the LinkedIn profiles of several individuals demonstrate that they are employed by InMode, Ltd. in Texas and are responsible for marketing and sales on behalf of InMode, Ltd.[2] Plaintiff represents that the Customer Purchase Agreement for the devices at issue in this case are between the Texas physician who performed the procedure and InMode, Ltd.[3] Plaintiff also claims that because Invasix, Inc. styled a lawsuit caption as Invasix, Inc. d/b/a InMode that Invasix, Inc. and InMode, Ltd. did not maintain separate corporate existences.[4] All of these representations are inaccurate.

---

[1] *See* Plaintiff's Opposition, ECF Doc. No. 26, at p. 20 ("Contrary to Defendant's claim, it is not required that this be an 'exceptional case' because Plaintiff's claims involve specific jurisdiction, not general.").

[2] *Id*. at pp. 12 – 13.; *see also* Ex. B to ECF Doc. No. 26.

[3] *Id*. at pp. 14; *see also* Ex. A to ECF Doc. No. 26;

[4] *Id*. at p. 13; *see also* Ex. C to ECF Doc. No. 26.

Chris Saxton, Andrew LeBlanc, and Lance Baird are not employed by InMode, Ltd.; they are employed by Invasix, Inc.[5] Their online professional profiles reflect the trade name InMode because that is the front-facing moniker that customers and clients know the company Invasix, Inc. as.[6] InMode, Ltd., has no employees in Texas.[7] There is no basis for plaintiff's misplaced assertion that the above-named individuals are employed by InMode, Ltd. or that the individuals market and sell medical devices in Texas on behalf of InMode, Ltd. This another instance of the failure to appreciate the important difference between InMode, Ltd. and the trade name InMode used by Invasix, Inc.

The Customer Purchase Agreements for the devices at issue plainly reflect, in relevant part, that "Customer is representing to Invasix, Inc. ("Company"), **which operates through the trade name InMode Aesthetic Solutions** ("InMode"), that it […]." (emphasis added).[8] InMode, Ltd. is not a party to those Agreements.[9] There is no basis for plaintiff's misplaced assertion that the Customer Purchase Agreement reflects the sale of a medical device between InMode, Ltd. and Dr. Adams.

The lawsuit captioned *Invasix, Inc. d/b/a InMode v. Daniel Allmond* further highlights Invasix, Inc.'s use of "InMode" as a fictious trade name.[10] The employment agreement in the *Allmond* lawsuit referenced by plaintiff here is between Invasix, Inc. and Mr. Allmond. Paragraph

---

[5] *See* Ex. E, Supplemental Affidavit of Yair Malca ("Malca Supp. Aff."), at ¶¶ 9-10.

[6] *Id*., Malca Supp. Aff., at ¶¶ 6-7.

[7] *See* Ex. D to ECF Doc. No. 19, at ¶ 10.

[8] *See* Ex. A to ECF Doc. No. 26; *see also* Ex. E, Malca Supp. Aff., at ¶ 8.

[9] *See* Ex. E, Malca Supp. Aff., at ¶ 8.

[10] *Id*., at ¶ 11.

9 of the *Allmond* lawsuit plainly reflects that Invasix, Inc. d/b/a InMode is a Delaware corporation with a principal place of business in California. InMode, Ltd. is not a party to that lawsuit; it is an Israeli corporation. The existence of the *Allmond* lawsuit, and plaintiff's mischaracterizations regarding it, do not serve as basis to support the conclusion that InMode, Ltd. is subject to specific personal jurisdiction in Texas.

All of the bases for the exercise of personal specific jurisdiction asserted by plaintiff have been debunked. Plaintiff's entire argument relies on the misplaced belief that InMode, Ltd. is the same as the trade name InMode used by Invasix, Inc. Because plaintiff has failed to produce any evidence to support the exercise of personal specific jurisdiction, InMode, Ltd.'s Motion to Dismiss should be granted.

      **b. Plaintiff Failed to Assert or Support an Argument for Specific Personal Jurisdiction over InMode, Ltd. Based on a Parent/Subsidiary and/or Alter Ego Theory.**

Invasix, Inc, is a subsidiary of parent company InMode, Ltd. Although plaintiff fails to advance an argument for specific personal jurisdiction on a parent/subsidiary and/or alter ego theory, she loosely and without evidentiary support avers that Invasix, Inc. and InMode, Ltd. failed to maintain separate corporate existences.

Texas law presumes that InMode, Ltd. and Invasix, Inc. are separate legal entities, and therefore plaintiff has the burden of proving that Texas courts should treat InMode, Ltd. and Invasix, Inc. as alter egos for personal jurisdiction purposes. *See PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 173 (Tex. 2007); *see also BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002) ("The party seeking to ascribe one corporation's actions to another by disregarding their distinct corporate entities must prove the allegation."). Plaintiff wholly failed to satisfy the burden necessary to demonstrate the applicability of a parent/subsidiary

and/or alter ego theory. Therefore, there is no basis to exercise specific personal jurisdiction over InMode, Ltd. based on that theory.

### c. InMode, Ltd. Did Not Obstruct Plaintiff's Efforts to Conduct Jurisdictional Discovery

Plaintiff misled this Court by falsely asserting that InMode, Ltd. obstructed plaintiff's efforts to conduct jurisdictional discovery. Plaintiff appears to rely on these false accusations regarding discovery as a crutch to support the particularly weak substantive basis of her opposition. The record belies the serious accusations made by plaintiff.

On May 20, 2022, plaintiff served jurisdictional discovery requests, which consisted of 24 Interrogatories, 73 Requests for Production of Documents, and 4 Requests for Admissions. By letter dated June 2, 2022, InMode asserted objections to the sweepingly overbroad discovery requests, and suggested that plaintiff re-evaluate the requests and "cull those requests that seek substantive information related to liability and product issues rather than information and documents on the sole issue of personal jurisdiction[.]"[11] In the afternoon of June 2, 2022, respective counsel for InMode, Ltd. and plaintiff held a meet and confer phone conference regarding the dispute over jurisdictional discovery.

During that phone conference, counsel for InMode, Ltd. re-iterated the suggestion that plaintiff re-issue a revised iteration of the jurisdictional discovery. Plaintiff's counsel refused to withdraw even one request. Accordingly, the parties agreed that plaintiff's counsel would send the discovery requests in word format to InMode, Ltd.'s counsel so that counsel could provide responses, insert objections, and make strikethroughs to those requests that InMode, Ltd. deemed

---

[11] *See* Ex. F, Letter from Walter H. Swayze, Esq., dated June 2, 2022.

outside the scope of discovery into personal jurisdiction. Counsel further agreed that upon receipt of InMode, Ltd.'s responses, plaintiff's counsel would evaluate and reserved the right to bring a motion to resolve the discovery dispute. Counsel for InMode, Ltd. wrote to plaintiff's counsel on June 6, 2022, memorializing the agreement reached during the meet and confer about responding to plaintiff's discovery requests.[12] On June 7, 2022, counsel for plaintiff sent the jurisdictional discovery requests in word format, as previously discussed and agreed upon.[13]

On June 13, 2022, only 24 days after first receiving the personal jurisdiction discovery requests, and 11 days after the meet and confer conference, InMode, Ltd. produced responses to plaintiff's discovery requests, and explained the bases for its objections and strikethroughs.[14] Plaintiff misleadingly avers that InMode, Ltd. unilaterally decided to insert strikethroughs in the discovery requests rather than provide answers, but plaintiff's counsel ignores the agreement reached in that regard during the telephonic meet and confer. A hearing was held on August 30, 2022, before Judge Edison regarding the discovery dispute, and InMode, Ltd. anticipates making a supplemental production, as ordered, by September 6, 2022.

With respect to plaintiff's misleading averment about the deposition of Yair Malca, the documents reflect that on May 25, 2022, plaintiff's counsel requested the deposition of Mr. Malca.[15] The parties agree to schedule the deposition of Mr. Malca for July 6, 2022. On June 15,

---

[12] *See* Ex. G, email from Kyle Allen, Esq., dated June 6, 2022 ("Also, we previously discussed that you would send us plaintiff's jurisdictional discovery requests in word format so that we could redline and insert objections as needed as part of our meet and confer process regarding the nature and scope of written jurisdictional discovery. Please send me those requests in the requested format at your convenience.")

[13] *See* Ex. H, email dated June 7, 2022, from Christine Punger, Paralegal at Farrah Martinez, PLLC.

[14] *See* Ex. I, Letter from Walter H. Swayze, Esq., dated June 13, 2022.

[15] *See* Ex. J, email from Farrah Martinez, Esq., dated May 25, 2022.

2022, plaintiff's counsel informed counsel for InMode, Ltd. that plaintiff wished to cancel the previously agreed-upon deposition of Mr. Malca due to a conflict in her schedule.[16] The deposition was scheduled and re-scheduled, at the agreement of all counsel. Plaintiff's counsel refused to schedule the deposition until a final resolution on the outstanding dispute over personal jurisdiction discovery was reached.

InMode, Ltd. has never sought to obstruct the Federal Rules of Civil Procedure. Plaintiff's inaccurate factual representations casting aspersion are contradicted by the factual record and should be rejected.

### III. CONCLUSION

InMode is a trade name used by Invasix, Inc. InMode, Ltd. is entirely separate and distinct from Invasix, Inc. Plaintiff failed to appreciate the distinction between the business organization concepts, and that error led to the assertion of numerous inaccurate factual representations. Plaintiff has set forth no basis to demonstrate that InMode, Ltd. is subject to specific personal jurisdiction in Texas. Therefore, InMode, Ltd. respectfully submits that its Motion to Dismiss should be granted and it should be dismissed from this lawsuit with prejudice.

---

[16] *See* Ex. K, email from Christine Punger, Paralegal, dated June 15, 2022.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: /s/ *Robert A. Ewert*
Robert A. Ewert
Texas Bar No. 24036540
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Phone: (214) 722-7100
Fax:   (214) 722-7111
Robert.Ewert@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANTS INMODE, LTD. AND INVASIX, INC.**

### CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d), the undersigned certifies that on September 2, 2022, the foregoing instrument was served upon all counsel of record via the Court's CM/ECF system.

/s/ *Robert A. Ewert*
Robert A. Ewert