IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA LAROCCA, | § § | |
| PLAINTIFF, | § § | CASE NO. 4:21-cv-03792 |
| v. | § § | |
| INVASIX, INC. and INMODE LTD., | § § | JURY DEMANDED |
| DEFENDANTS. | § § | |

**DEFENDANT INMODE LTD.'S SUPPLEMENTAL REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

I. **INTRODUCTION**

Following Court-ordered jurisdictional discovery, InMode, Ltd., submits this supplemental Reply Brief in support of its Motion to Dismiss to rebut the repeated factual misrepresentations relied upon by plaintiff in an attempt to establish personal jurisdiction over InMode, Ltd.[1]

In both her opposition and supplemental opposition, plaintiff concedes that her "claims involve specific jurisdiction, *not general*" jurisdiction, and does not assert an argument in favor of the exercise of general jurisdiction over InMode, Ltd. (emphasis added).[2] Because plaintiff abandoned that argument, and because there is no evidence in support, InMode, Ltd. submits that there is no basis for This Court to exercise general personal jurisdiction over it in this case.

In support of her position that the exercise of specific jurisdiction is proper, plaintiff advances the same misplaced arguments based on identical factual misrepresentations made in her original opposition. In its Reply Brief, InMode, Ltd., convincingly rebutted those arguments,

---

[1] InMode, Ltd., respectfully refers This Court to its Reply Brief (ECF Doc. No. 28), and incorporates the points and arguments made therein rather than restate them in full here.

[2] *See* Plaintiff's Opposition, ECF Doc. No. 26, at p. 20 ("Contrary to Defendant's claim, it is not required that this be an 'exceptional case' because Plaintiff's claims involve specific jurisdiction, not general."); see also ECF Doc. 29, at pp. 29 – 30.

provided necessary context, and clarified the facts in record evidence. Defendant, InMode, Ltd., is an Israeli company with its headquarters in Yokneam, Israel, and is the parent company of wholly-owned subsidiary Invasix, Inc. The two companies are separate, independent legal entities. Plaintiff does not appreciate the distinction between these separate, independent legal entities and ignores the basics of corporate structure and organization.

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Plaintiff has failed to sustain her burden for establishing specific personal jurisdiction; InMode, Ltd., has adduced sufficient record evidence to negate all bases of jurisdiction. Therefore, InMode, Ltd., submits that it should be dismissed with prejudice from his action.

## II.  ARGUMENT

### a. Facts Established by Yair Malca Through Affidavits and Deposition Testimony, and InMode, Ltd.'s Answers to Jurisdictional Discovery, Demonstrate There is No Basis For The Exercise of Specific Personal Jurisdiction Over InMode, Ltd.

InMode, Ltd., supplied an affidavit and supplemental affidavit from Chief Financial Officer Yair Malca to provide numerous, sufficient, and unrebutted factual representations in support its legal argument that there is no basis to exercise personal jurisdiction over InMode, Ltd.[3] The factual representations set forth in those affidavits are accurate and sufficient to negate all bases of jurisdiction over InMode, Ltd.

---

[3] *See* Ex. E to ECF Doc. No. 28, Supplemental Affidavit of Yair Malca ("Malca Supp. Aff."); *see also* Ex. D to ECF Doc. No. 19, Affidavit of Yair Malca ("Malca Aff.").

Additionally, on September 7, 2022, Mr. Malca gave virtual deposition testimony over Zoom limited to the issue of personal jurisdiction.[4] Plaintiff makes no reference to Mr. Malca's deposition in her supplemental opposition. Despite repeatedly characterizing the factual representations made in Mr. Malca's affidavits as false, plaintiff failed to actually substantiate such a brazen averment through Mr. Malca's deposition testimony. In fact, Mr. Malca's testimony provides further support for the conclusion that the exercise of personal jurisdiction here is improper. For example, Mr. Malca provided the following relevant testimony:

> Q: Sure. In the marketplace, Invasix does not distinguish itself -- let me -- let me make sure I'm using full legal terms, excuse me. In the marketplace Invasix Incorporated does not distinguish itself from InMode Ltd., correct?
>
> A: Invasix, Inc., is a separate entity from InMode Ltd.[5]

Mr. Malca's confirmed that InMode, Ltd., does not market its products in Texas:

> Q: How much money does InMode Ltd. spend on marketing in Texas?
>
> A: InMode Ltd. doesn't do marketing in Texas. So, I guess that would be zero dollars.
>
> Q: So, is it your testimony today that InMode Ltd. does market its technologies but it just doesn't do it in Texas?
>
> A: Correct.[6]
>
> \*      \*      \*
>
> Q: So is it your testimony here today that InMode, Ltd., does not market in Texas, correct?
>
> A: Correct.[7]

---

[4] *See* Deposition of Yair Malca ("Malca Dep."), attached hereto as Exhibit A.

[5] *See* Ex. A, Malca Dep., at 24:14 – 20; 25:25 – 26:1.

[6] *See Id*, at 49:16 – 23.

[7] *See Id*, at 48:17 – 19.

Later in his deposition, Mr. Malca confirmed that representation and further testified "InMode Ltd. doesn't market to *anybody* in Texas.' (emphasis added).[8]

Mr. Malca testified consistent with his affidavit regarding the absence of management and/or control by InMode, Ltd., over its wholly-owned subsidiary Invasix, Inc. in the following exchange:

> Q: Okay. I have a quick question about your -- your initial affidavit that you supplied to us as it relates to No. 6. You state in your affidavit: InMode did not manage or control the day-to-day activities of Invasix. What do you mean by day-to-day activities?
>
> A: Any aspect of the day-to-day business activity -- Any aspect of -- InMode Ltd. doesn't manage or control any aspect of the day-to-day business activity of Invasix, Inc.
>
> Q: And what do you mean by day-to-day activities? Can you –
>
> A: That's including sales, including marketing, including any other direct day-to-day business operation.[9]
>
> \*   \*   \*
>
> Q: So, it's your testimony that the CEO of InMode Ltd. is not involved in the day-to-day activities of Invasix, Inc.; is that correct?
>
> A: That's correct.
>
> Q: Okay. Would that include hiring?
>
> A: Sorry?
>
> Q. Would that include hiring?
>
> A: Hiring you mean?

---

[8] *See Id*. at 51:7 – 8. Plaintiff's counsel did not ask Mr. Malca which entity is responsible for the sale of its medical devices in the U.S. or Texas. The record evidence supports that Invasix, Inc., is the distributor of InMode, Ltd.'s medical devices in the U.S.

[9] *See Id*. at 61:7 – 25.

> Q: Yes.
>
> A:. Correct.[10]

InMode previously argued that The Customer Purchase Agreements for the devices at issue plainly reflect, in relevant part, that "Customer is representing to **Invasix, Inc. ("Company"), which operates through the trade name InMode Aesthetic Solutions** ("InMode"), that it […]." (emphasis added).[11] InMode, Ltd. is *not* a party to those Agreements.[12] There is no basis for plaintiff's misplaced assertion that the Customer Purchase Agreement reflects the sale of a medical device between InMode, Ltd. and Dr. Adams. Plaintiff's counsel questioned Mr. Malca about the Customer Purchase Agreement here, but curiously sought to *prevent* him from reviewing the entire Agreement, notably the bottom portion which reflects that "Customer is representing to **Invasix, Inc. ("Company"), which operates through the trade name InMode Aesthetic Solutions** ("InMode"), that it […]." (emphasis added). In that regard, the following exchange occurred as deposition:

> Q: Okay. Mr. Malca, I want to go back to that agreement that I had up before we went on break. Okay? And this is the first time you've had an opportunity to review this agreement?
>
> A: Can I see the full agreement, please?
>
> Q: Well, you're not going to be able to see the full agreement at one time. I'm going to show you half and then I'll be able to scroll down and you'll see the other half. Okay.

---

[10] *See Id*. at 62:1 – 10.

[11] *See* Ex. A to ECF Doc. No. 26; *see also* Ex. E, Malca Supp. Aff., at ¶ 8. InMode, Ltd.'s, Reply Brief (ECF Doc. No. 28), at page 3, explains and debunks plaintiff's allegation that the Customer Purchase Agreement is between InMode, Ltd., and Dr. Adams. The Agreement plainly states that it is between Invasix, Inc., and Dr. Adams.

[12] *See* Ex. E to ECF Doc. No. 28, Malca Supp. Aff., at ¶ 8.

> A:    Okay. Can you scroll down, please?[13]

At this point in the deposition, plaintiff's counsel scrolled down to the bottom of the Agreement for a *fraction* of a second and then quickly scrolled back up to the top so as to hide from Mr. Malca's view the portion of the Agreement that reflected it was between Invasix, Inc., and Dr. Adams. As demonstrated in the following exchange, Mr. Malca specifically asked for plaintiff's counsel to scroll down so he could review the entire Agreement before continuing to answer questions about it. When Mr. Malca pointed out that, at the bottom of the Agreement, it clearly reflected the contract was been Invasix, Inc., Dr. Adams, plaintiff's counsel objected and

> Q:    Okay. So -- all right. So, now I'm going to back up to the top because I want to talk about the top portion of it.
>
> A:    Can you scroll down, please, and stay down for a second?
>
> Q:    Well, I don't have any questions right now about the bottom portion. Okay?
>
> A:    Okay. No, I just –
>
> MR. ALLEN: He's asking to see it.
>
> A:    continue to answer the previous question and point out that Invasix, Inc., clearly mentioned as the company in the web -- in the -- in the agreement –
>
> Q:    Objection. There's not a question on the table, sidebar, nonresponsive.
>
> A:    I want to rephrase my previous answer to your question and add that.[14]

---

[13] *See* Ex. A, Malca Dep., at 43:12 – 21.

[14] *See Id.*, at 43:22 – 44:12.

In her motion papers, plaintiff wanted the ability to argue that the Agreement at issue was between InMode, Ltd., and Dr. Adams, and so sought to prevent Mr. Malca from providing testimony that debunks such an averment.

Similarly, plaintiff argued in her motion papers that InMode, Ltd., employs several sales representatives in Texas, including the representative that facilitated and executed the Agreement here with Dr. Adams. But Mr. Malca's affidavits persuasively rebut that averment, and in the following exchange, Mr. Malca testified that the sales representative that executed the Agreement was employed by Invasix, Inc.

> Q: And this company area sales manager, do you happen to know who that is?
>
> A: No.
>
> Q: Okay. And who would -- what company would he be an employee of according to how the operations are set up?
>
> A: Invasix, Inc.[15]

Mr. Malca's deposition testimony, which was consistent with the representations made in his affidavits, is sufficient to negate all bases of personal jurisdiction over InMode, Ltd.

In addition to the above evidence, InMode, Ltd., also provided responses to plaintiff's jurisdictional discovery that further demonstrate that there is no basis to exercise specific personal jurisdiction over it in this case.[16] In response to numerous Interrogatories and Request for Production of Documents, InMode, Ltd., answered "InMode does not sell devices directly to

---

[15] *See Id.*, at 48:10 – 16. InMode, Ltd.'s, Reply Brief (ECF Doc. No. 28), at page 3, explains and debunks plaintiff's allegation that various sales representatives are employed in Texas by InMode, Ltd. Those sales representatives are employed by Invasix, Inc. InMode, Ltd. does not employ any individuals in Texas.

[16] *See* InMode, Ltd.s' Supplemental Responses to Plaintiff's Jurisdictional Discovery, attached hereto as Exhibit B.

customers in the United States."[17] InMode, Ltd., explained that response in its responses to jurisdictional discovery elsewhere by representing that Invasix, Inc., is the distributor for its medical devices in the United States.[18] Plaintiff's opposition unfairly accuses InMode, Ltd., of torturing the definition of "customer," notwithstanding that plaintiff did not define that term in her discovery requests. But InMode, Ltd., has established that it does not distribute, sell, or market its medical devices in the United States. Co-defendant Invasix, Inc., is the separate legal entity responsible for those activities.

Plaintiff's argument regarding the exercise of personal jurisdiction over InMode, Ltd., relies exclusively on factual misrepresentations. Through sworn affidavits, deposition testimony under oath, and verified discovery responses, InMode, Ltd., has negated all bases for the exercise of personal jurisdiction over it in this case. Therefore, InMode, Ltd., respectfully submits that it should be dismissed with prejudice from this action.

    **b. Plaintiff's References to InMode, Ltd.'s Website and General Press Releases Is Not Evidence In Support of The Exercise of Personal Jurisdiction**

In her supplemental opposition, Plaintiff refers to InMode, Ltd.'s website and general press releases to advance a non-sensical argument that InMode, Ltd., is the same company as Invasix, Inc. Those arguments and the underlying factual representations are incorrect. Moreover, with respect to specific jurisdiction, plaintiff makes no effort to demonstrate how operating a website and issuing press releases demonstrates an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017).

---

[17] *See Id.*, at, *e.g.*, #17.

[18] *See Id.*, at, #18.

Plaintiff's argument regarding InMode, Ltd.'s, website is misplaced. The argument relies solely on the representation that www.InModemd.com provides a physician finder tool that any individual can use to identify a physician that provides medical services using InMode, Ltd.'s medical devices. This argument would subject any company that uses a website to jurisdiction in any forum in which an internet user exists. That is clearly contrary to the growing body of decisional law that has repeatedly rejected "exorbitant exercises" of personal jurisdiction in every state in which a company's website is available. *See Daimler AG v. Bauman*, 571 U.S. 117, 138-139 (2014). Moreover, plaintiff fails to offer any facts that there is some connection between InMode, Ltd.'s activities with respect to its website and the underlying controversy.

Plaintiff's reference to InMode, Ltd.'s, Second Quarter 2022 Financial Report is both incorrect and irrelevant. Plaintiff offers no argument as to how a financial report could possibly be sufficient to confer specific personal jurisdiction. There is no argument regarding this press release being specific to Texas or plaintiff. The press release clearly identifies InMode, Ltd. With respect to corporate structure, the parent company (here InMode, Ltd.) owns all of the common stock of its wholly-owned subsidiary (here Invasix, Inc.). Invasix, Inc. is not a publicly traded company. There is nothing irregular about a press release reporting InMode, Ltd.'s quarterly financials that omits Invasix, Inc. Nor does this disprove that Invasix, Inc. does not utilize the trade name InMode. The same argument above applies with respect to plaintiff's reference to an investor conference in Miami, Florida, that was announced by InMode, Ltd., in a press release.

Plaintiff's reference to a press release about Eva Longoria is also irrelevant to the personal jurisdiction analysis. The omission in a press release of the name of a wholly-owned subsidiary does not disprove that Invasix, Inc. often utilizes the trade name InMode. Nor does it establish that InMode, Ltd. and Invasix, Inc. are the same company – they are separate, independent legal entities.

Even if This Court construed the press releases to give every benefit of the doubt to plaintiff, reference to isolated press releases is not sufficient to confer specific personal jurisdiction over InMode, Ltd. Plaintiff makes no effort to explain how these press releases relate to the specific personal jurisdiction analysis. Nor are these press releases sufficient to demonstrate that InMode, Ltd. and Invasix, Inc. are the same company. InMode, Ltd. has produced overwhelming and sufficient evidence to establish that the two are separate, independent legal entities.

### III. CONCLUSION

InMode is a trade name used by Invasix, Inc. InMode, Ltd. is entirely separate and distinct from Invasix, Inc. Plaintiff failed to appreciate the distinction between the business organization concepts, and that error led to the assertion of numerous inaccurate factual representations. Plaintiff has set forth no basis to demonstrate that InMode, Ltd. is subject to specific personal jurisdiction in Texas. Therefore, InMode, Ltd. respectfully submits that its Motion to Dismiss should be granted and it should be dismissed from this lawsuit with prejudice.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

By: */s/ Robert A. Ewert*
Robert A. Ewert
Texas Bar No. 24036540
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Phone: (214) 722-7100
Fax:   (214) 722-7111
Robert.Ewert@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANTS INMODE, LTD. AND INVASIX, INC.**

## CERTIFICATE OF SERVICE

      Pursuant to Fed. R. Civ. P. 5(d), the undersigned certifies that on October 21, 2022, the foregoing instrument was served upon all counsel of record via the Court's CM/ECF system.

                                                    /s/ *Robert A. Ewert*
                                                    Robert A. Ewert