UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA LAROCCA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-03792 |
| § | |
| § | |
| INVASIX, INC. AND INMODE LTD., § | |
| § | |
| Defendants. § | |

# **MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction filed by Defendant InMode Ltd. (Dkt. 19). Having carefully reviewed the motion, responses, replies and applicable law, the motion is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a body contouring procedure performed on Lisa LaRocca ("LaRocca"). (Dkt. 1-3 at 9). LaRocca sued Invasix, Inc. (Invasix) and InMode Ltd. in the 151st Judicial District of Harris County, Texas (Dkt. 1), alleging that she was injured after undergoing this procedure and asserting claims for breach of implied and express warranties, violations of the Texas Deceptive Trade Practices Act, fraud, negligence, negligence per se, gross negligence, and product liability. (Dkt. 1-3 at 11-14). Defendant Invasix removed the action to this Court. (Dkt. 1).

1

Defendant InMode Ltd. moved to dismiss this action against it for lack of personal jurisdiction and the Court permitted the parties to conduct limited jurisdictional discovery.[1] (Dkt. 19). InMode Ltd. argues that the following facts, established by evidence in the record, require its dismissal from this action:

- InMode Ltd. manufactures body contouring products, including the product alleged to have been used during LaRocca's procedure. (Dkt. 19-2 at 2).

- InMode Ltd. was incorporated in Israel in 2008; its headquarters are in Yokneam, Israel. (Dkt. 28-1 at 1). It is the parent company of subsidiary co-defendant Invasix. (Dkt. 28-1 at 1).

- InMode Ltd. has never had an office in the State of Texas, has never been registered to do business in Texas, and has never had a registered agent for service of process in the State of Texas. (Dkt. 19-2 at 1-2).

- InMode Ltd. has no employees or property in Texas and has never had a Texas telephone number, post office box, mailing address or bank account. (Dkt. 19-2 at 2).

- As to marketing and contracts, InMode Ltd. has never "purposely directed any marketing activities to the State of Texas" to conduct business or sell products in

---

[1] LaRocca argues that one of the reasons the motion should be denied is because defendants failed to comply with her jurisdictional discovery requests. The Court finds this argument unpersuasive. The record reflects that LaRocca never timely requested the Court's assistance, pursuant to the Court's local rules, in resolving any disputes regarding defendants' discovery responses.

2

the State of Texas, nor does it contract with any Texas companies. (Dkt. 19-2 at 2). It derives no revenue from any Texas business contacts. (Dkt. 19-2 at 2).

- InMode Ltd. maintained a separate and independent corporate existence from Invasix, kept its own separate bank accounts and business records, has never had an office in Texas, and paid and managed its own employees. (Dkt. 19-2 at 1).

- Invasix uses the trade name "InMode" and this name is a "doing business as" designation. (Dkt. 28-1 at 1).

- The name InMode, as used by Invasix, is not the same as InMode Ltd., the parent company. (Dkt. 28-1 at 1).

LaRocca, citing documents obtained in discovery, argues that the Court can exercise personal jurisdiction over InMode Ltd. in this matter because among other things, InMode Ltd. (1) has employees in Texas, (2) entered into customer purchase agreements with providers in Texas, and (3) was involved in a lawsuit in Texas. InMode Ltd. counters that the documents cited by LaRocca are instances of Invasix or its employees using the "InMode" name as a d/b/a, and that the evidence establishes that the InMode trade name is different from the parent company named InMode Ltd. (Dkt. 28-1 at 2).

## RELEVANT LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), "[t]he plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "[I]t is well established that where the district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case of

3

jurisdiction." *Felch v. Transportes Lar–Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir.1996) (citation omitted).

"A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). The Texas long-arm statute extends to the limits of due process. *Id.* To satisfy due process, the plaintiff must demonstrate "(1) that the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnston*, 523 F.3d at 609. Texas law governs the alter ego determinations for purposes of jurisdiction. *See Licea v. Curacao Drydock Co., Inc.*, 952 F.3d 207, 212 (5th Cir. 2015); *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 586-88 (5th Cir. 2010) (applying state alter ego law to find lack of personal jurisdiction over a non-resident).

## ANALYSIS

Based upon the evidence presented in the record, the Court finds that LaRocca has failed to demonstrate that InMode Ltd. has sufficient contacts with Texas to support the exercise of personal jurisdiction over it in this case.

The Court's ability to exercise personal jurisdiction over a defendant "depends on the defendant's having such contacts with the forum State that the maintenance of the suit is reasonable, in the context of our federal system of government, and does not offend traditional notions of fair play and substantial justice." *Ford Motor Co. v. Montana Eighth*

*Judicial District Court*, 141 S. Ct. 1017, 1024 (2021) (quotation marks omitted).[2] There are two kinds of personal jurisdiction: general (or all-purpose) jurisdiction and specific (or case-linked) jurisdiction. *Id.* General jurisdiction, which may be exercised only in states where a defendant is "essentially at home," does not apply here, as the defendant is not domiciled in Texas. *Id.*; (Dkt. 19-2 at 1).

To be subject to specific jurisdiction in a state, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* (cleaned up). The defendant's contacts with the forum state must be the defendant's own choice and not just by chance; they "must show that the defendant deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Id.* at 1025 (cleaned up).

Specific jurisdiction further requires that LaRocca's claims "arise out of or relate to the defendant's contacts with the forum." *Id.* (cleaned up). Once a defendant's minimum contacts are established, the contacts are "considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Burger King Cor v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quotation marks omitted). LaRocca may meet the burden of establishing personal jurisdiction with prima facie evidence if the district court, as here, does not conduct an evidentiary hearing. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The district court accepts LaRocca's

---

[2] Texas's long-arm statute reaches "as far as the federal constitutional requirements of due process will allow[,]" so the Court need not discuss any additional limitations imposed by Texas law on the exercise of personal jurisdiction. *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 672–73 (E.D. Tex. 2006).

uncontroverted allegations and resolves in LaRocca's favor all factual conflicts contained in the parties' affidavits and other documentation. *Id.*

As a preliminary matter, the evidence in the record establishes that InMode Ltd. and Invasix are separate legal entities. LaRocca has not shown that the corporate formalities were ever disregarded with respect to these entities. Thus, to determine whether personal jurisdiction exists the Court must inquire whether InMode Ltd., not Invasix, purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. The evidence establishes that InMode Ltd. has not: It has no property, employees or office in Texas, has never been registered to do business in Texas, and has never had a registered agent for service of process in the State of Texas. (Dkt. 19-2 at 1-2). It has no Texas mailing address, phone number, or bank account. (Dkt. 19-2 at 2). As to business activities, InMode Ltd. has never purposely marketed towards Texas, nor does it have any contracts with any companies in the State of Texas. (Dkt. 19-2 at 2). It derives no revenue from any business contacts in Texas. (Dkt. 19-2 at 2). InMode Ltd. has observed corporate formalities and maintained Invasix and InMode Ltd. as separate companies. (Dkt. 19-2 at 1). Under these circumstances, the mere fact that InMode Ltd. has a website that provides a "locator" function to aid consumers in locating Texas providers who use its products does not create a basis for personal jurisdiction. (Dkt. 29-9; Dkt. 30 at 9). The Court finds that InMode Ltd. has none of the requisite contacts for personal jurisdiction.

In support of her opposition to the motion to dismiss, LaRocca points to several instances in which the name "In Mode" appears, either alone or together with the Ingenix

name, in connection with Texas activities. (Dkt. 29). These include LinkedIn profiles using the trade name "InMode" for two Invasix employees, stating that the employees reside in Texas; a LinkedIn position announcement that refers to "InMode" and a position in Texas; (Ex. 29-2; 29-4), and an email from an Invasix employee referring to the two companies as "the same company." (Dkt. 29-6). LaRocca also argues, based on the name "InMode" on a Customer Purchase Agreement, that InMode Ltd. entered into agreements with providers in Texas. (Ex. 29-1). LaRocca further notes a lawsuit between Invasix Inc. d/b/a InMode against its Area Sales Manager for the South Texas territory. (Dkt. 29-3). The Court finds LaRocca's arguments regarding this evidence unpersuasive.

Here, the evidence establishes that the instances in which "InMode" appears as cited by LaRocca are uses of a trade name ("InMode") that is common to the two companies. Where, as here, there is no evidence that corporate formalities were disregarded, the use of a common trade name is insufficient to impute a subsidiary's activities to the parent. *See Jackson,* 615 F.3d at 587 (contacts not imputed although two companies were "operated in a way that their brands and products appear[ed] identical and their business relationships are deeply intertwined . . . shared office space, phone numbers . . . officers and directors, [and the employees of a close business associate] testified that they . . . viewed [the companies] as one company").

The Court finds that LaRocca's citations to the appearance of the name "InMode" alongside the Ingenix name are also not an indication that the two entities are one and the same. (Dkt. 29 at 31). A subsidiary is assumed to be independent of its parent company for jurisdictional purposes. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th

7

Cir. 1999). Clear evidence can overcome this presumption, if it consists of "an additional or a 'plus' factor," beyond the entity's existence within the corporate family. *Id.* (quoting *Donatelli v. National Hockey League,* 893 F.2d 459, 465 (1st Cir. 1990)). Here no such evidence exists.

Finally, LaRocca cites InMode Ltd.'s website, which allows visitors to find a provider who uses InMode Ltd.'s products (Dkt. 29-9); some financial results (Dkt. 29-10); and two press releases (Dkt. 29-11, 12). This website, however, is not directed to Texas in particular; it does not amount to the kind of contact that could support jurisdiction. *See Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 787 (5th Cir. 2021) (noting that a website accessible from a particular state does not create sufficient contacts to support personal jurisdiction in that state). Nor do the financial results and press releases that LaRocca cites indicate a purposeful directing of contacts toward Texas that would support jurisdiction. LaRocca has failed to establish that InMode Ltd. purposely directed its activities toward Texas or purposefully availed itself of the privileges of conducting activities here. Accordingly, the Court lacks personal jurisdiction over InMode Ltd. in this suit.

## CONCLUSION

This Court does not have personal jurisdiction over InMode Ltd. in this lawsuit. Therefore, the pending motion to dismiss InMode Ltd. (Dkt. 19) is **GRANTED**.

SIGNED at Houston, Texas on March 7, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE